# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

EARNEST J. FILES, JR.,      )
                              )
      Plaintiff,         )
                              )
v.                        )     Case No.  1:16-cv-01952-LSC-HNJ
                              )
JULIAN M. KING, Talladega County  )
Senior Circuit Court Judge, et al.,    )
                              )
      Defendants.       )

## MEMORANDUM OF OPINION

This is a *pro se* prisoner action filed pursuant to 42 U.S.C. § 1983.  The initial complaint and its supporting exhibits totaled 59 pages, named 30 defendants, and presented allegations in large part in a narrative form.  (Doc. 1).  Additionally, the complaint and exhibits asserted multiple unrelated claims in violation of Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure.  Finding that the complaint and supporting exhibits constituted a "shotgun" pleading, on March 10, 2017, the magistrate judge ordered the plaintiff to re-plead his complaint in a way that complied with the Federal Rules of Civil Procedure, and which allowed the court to accurately determine the claims he was asserting.  (Doc. 5).  The magistrate judge warned the plaintiff that the court could dismiss this action if he failed to comply with the order.  (*Id.* at 3).

1

On April 10, 2017, the plaintiff filed a 66-page "Motion to Replead Complaint" that included the proposed complaint and supporting exhibits. (Doc. 7). The proposed complaint set forth a prolific number of claims spanning a five-year time period, the majority of which bore no relation to the 41 different defendants. (*Id.*).[1] A large number of the claims consisted of vague and conclusory allegations. Plaintiff repeated these allegations nearly verbatim against multiple defendants, with little if any distinguishing facts from one defendant to the next. The magistrate judge concluded the proposed complaint also constituted a "shotgun" pleading, and denied the motion to re-plead the complaint. (Doc. 8). However, the court afforded plaintiff a second opportunity to file a re-pleaded complaint in compliance with the Federal Rules of Civil Procedure and the

---

[1] The plaintiff declared authorities unlawfully detained him in the Talladega County Jail after his February 2012 false arrest and set forth numerous constitutional claims against a number of defendants concerning various stages of the ongoing criminal proceedings against him. The plaintiff also complained authorities had housed him in an isolation cell of the jail's special needs unit that goes "from hot to cold;" the cell had feces everywhere for three days in April 2013; he had been "tortured medically and physically;" defendants Hurst and Adams kicked his legal documents onto the floor and tased him in August 2014; defendants Hallmark and Williams forced him to leave his cell and destroyed his legal documents and personal property in May 2016; defendants Adams and Hallmark "shook" him "down" in October 2016; defendants Hallmark, Denham and Garney "ransacked" his cell in November 2016; he received a retaliatory disciplinary on January 29, 2017, which lacked proper due process protections; defendant Liner deprived him of newspapers, magazines, and religious books; he tried to "access the courts," but defendants Smith and Brown repeatedly denied him the opportunity to "buy legal envelopes"; defendants Adams, Hamilton, Liner, Brown, and Smith read his incoming mail, including attorney mail; defendant Adams wrote a retaliatory jail incident report in April 2017; and six medical and four law enforcement defendants abruptly ended his Tramadol, UItram, and Ultracet prescriptions.

magistrate judge's prior order. The magistrate judge again warned the plaintiff that the court could dismiss this action if he failed to comply with the order. (*Id.* at 3).

Now pending before the court is the plaintiff's second amended complaint (doc. 9) and "Supplemental Pleading" (doc. 10). Together, the second amended complaint and supplement thereto consist of 71 pages of pleadings and exhibits against 36 defendants.[2] The second amended complaint[3] and supplemental complaint[4] comprise numerous unrelated claims against different defendants over a

---

[2] The second amended complaint contains 21 pages and names 21 defendants. (Doc. 9). The supplemental complaint contains 50 pages and names 15 defendants. (Doc. 10).

[3] In the second amended complaint, the plaintiff declares he has been unlawfully detained in the Talladega County Jail since his February 2012 false arrest, and sets forth numerous constitutional claims against a number of defendants concerning various stages of the ongoing criminal proceedings against him up to October 2013. (Doc. 9 at 6-11). From August to October 2012, the medical and sheriff's department defendants tortured him medically by refusing to administer his narcotic prescription. (*Id.* at 12). In 2013 he was housed for short intervals on 6 different occasions in solitary confinement under "harsh conditions," there was feces everywhere in the solitary cell for 3 days in April 2013, and he suffered flu-like symptoms from being deprived of his narcotic prescription during those 3 days. (*Id.* at 13).

[4] In the supplemental complaint, the plaintiff sets forth numerous constitutional "claims" against a number of defendants concerning various stages of the ongoing criminal proceedings against him on different occasions between 2014 and 2017. (Doc. 10 at 5-8, 40, 44). However, the claims reflect nothing more than run-on recitations of various constitutional amendments. Numerous claims occurring on different dates between 2015 and 2017 pertain to opening legal mail and the purchase and possession of envelopes and stamps as to defendants Liner, Adams, Hallmark, Hamilton, Smith, Brown, Flowers, and Kilgore. (*Id.* at 7-10). On May 12, 2016, defendants Hallmark and Williams conducted an unreasonable search of the plaintiff's cell and destroyed legal documents. (*Id.* at 10-11). On October 27, 2016, defendants Adams, Hallmark, Kilgore, Flowers, Smith, and Brown conducted an unreasonable search. (*Id.* at 11). On November 4, 2016, defendants Hallmark, Denham, Garney, Kilgore, Flowers, Smith, and Brown conducted an unreasonable cell search, destroyed legal documents, and threw family pictures on the floor. (*Id.* at 12). From January 29 to February 1, 2017, defendants Cotney, Denham, Brown, Gibson, Warwick, and Kilgore instituted a retaliatory disciplinary and violated due process

five-year period.[5]  Again, plaintiff states these claims in mostly conclusory fashion and repeats many claims nearly verbatim against multiple defendants, with little if any distinguishing facts from one defendant to the next.  Therefore, court deems the second amended complaint and the supplemental complaint "shotgun" pleadings.

"[D]istrict courts [must] undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation. Absent such efforts, shotgun notice pleadings of the sort filed by" the plaintiff "would impede the orderly, efficient, and economic disposition of disputes." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). For that reason, the Eleventh Circuit has condemned shotgun pleadings "for decades." *Nurse v. Sheraton Atlanta Hotel*, 618 Fed. Appx. 987, 990 (11th Cir. 2015) (citing *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 979, 985

---

during the disciplinary hearing following.  (*Id.* at 13-16).  In April 2017, plaintiff names defendants Adams, Montgomery, Kilgore, Brown, and Smith in connection with another procedurally deficient disciplinary infraction.  (*Id.* at 16-18).  In May 2017, defendant Garney put the plaintiff in a room in leg irons attached to a wall for the plaintiff's attorney visitation and left him there for 40 minutes longer than necessary.  (*Id.* at 18).  On August 3, 2014, defendants Adams, Hurst, Warwick, and Kilgore allegedly assaulted the handcuffed plaintiff.  (*Id.* at 41-42). On October 16, 2014, various medical and sheriff's department defendants deprived the plaintiff of pain medication.  (*Id.* at 42-43).  On January 12, 2015, the plaintiff asked to visit the recreation yard but was refused.  (*Id.* at 43).

n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times.")).

A District Court "possesses the inherent power to police its docket," including imposing "formal sanctions upon dilatory litigants." *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Such sanctions "can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.* Where a court has forewarned a litigant, "'dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" *Sheraton Atlanta Hotel*, 618 Fed. Appx. at 990 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[J]udicial resources are far too scarce to be exploited by litigants who, after being specifically advised about how to correct their errors and warned that failing to do so will result in dismissal . . . , continue in their recalcitrance." *Sheraton Atlanta Hotel*, 618 Fed. Appx. at 991.

In this instance, the court warned the plaintiff on two separate occasions of the deficiencies in his pleadings in specific detail, gave him two chances to comply, and warned him of the consequences of failing to do so. Accordingly, the court finds that this action is due to be **DISMISSED WITHOUT PREJUDICE**, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon the

plaintiff's failure to comply with prior orders of the court.[6]  The court will enter a

separate order accordingly.

The court DIRECTS the Clerk to serve the plaintiff with a copy of this order.

**DONE** AND **ORDERED** ON September 1, 2017.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704

---

[6] The Eleventh Circuit interprets Rule 41(b) as conferring power upon district courts to *sua sponte* dismiss cases "to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of [the courts]."  *Brutus v. Internal Revenue Serv.*, 393 Fed. Appx. 682, 683-84 (11th Cir. 2010).